IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN SUPER TOP INNOVATION TECHNOLOGY LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | Case No.<br><br>JURY TRIAL DEMANDED |

**<u>VERIFIED COMPLAINT</u>**

Plaintiff Shenzhen Super Top Innovation Technology Limited ("Plaintiff") hereby brings the present action for design patent infringement, and false designation of origin under the Lanham Act against all Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A (collectively, "Defendants"), attached hereto, as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction). This Court has original subject matter jurisdiction over the false designation of origin claim asserted in this action pursuant to the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., (the "Lanham Act"), and 28 U.S.C. §§ 1338(a) and 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants – all foreign – structure their business activities so as to target consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores operating under the aliases identified on Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell products which infringe Plaintiff' patented design and trade dress, as described below, (collectively, the "Unauthorized Products") to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the state of Illinois.

## INTRODUCTION

3. Plaintiff filed this case to prevent e-commerce store operators who infringe upon Plaintiff' patented design and trade dress from further selling and/or offering for sale Unauthorized Products. Defendants create e-commerce stores under one or more Seller Aliases and then advertise, offer for sale, and/or sell Unauthorized Products to unknowing consumers. E-commerce stores operating under the Seller Aliases share identifiers, such as design elements and similarities of the Unauthorized Products offered for sale, establishing that a logical relationship exists between them, and that Defendants' infringing operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants take advantage of a set of circumstances, including the anonymity and mass reach afforded by the Internet and the cover afforded by international borders, to violate Plaintiff' intellectual property rights with impunity. Defendants attempt to avoid liability by operating under one or more Seller Aliases to conceal their

identities, locations, and the full scope and interworking of their infringing operation. Plaintiff is forced to file this action to combat Defendants' infringing of its patented design and trade dress, as well as to protect consumers from purchasing Unauthorized Products over the internet. Plaintiff has been, and continue to be, irreparably damaged through loss of market share and erosion of Plaintiff's patent and trade dress rights because of Defendants' actions and therefore seeks injunctive and monetary relief.

## THE PARTIES

4. Plaintiff, Shenzhen Super Top Innovation Technology Limited, is the sole owner the asserted patent by assignment, as described below. Plaintiff's address is 6th Floor, 2th Bldg., No. 282, Huangguan Zhong Rd., Guanlan St., Longhua New District, Shenzhen, Guangdong Province, China.

5. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their infringing network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## PLAINTIFF'S PATENT

6. Plaintiff is the owner by assignment of all right, title, and interest in U.S. Patent No. ▓▓▓▓▓▓ S ("Plaintiff's Patent"). A true and correct copy of Plaintiff's Patent is attached hereto as **Exhibit 1**.

7. Plaintiff's Patent ▓▓▓▓▓▓▓▓▓▓. *See* **Exhibit 1**.

3

8. Plaintiff's Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35. U.S.C. § 282.

9. Plaintiff's Patent discloses and claims ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮. See **Exhibit 1**.

10. Plaintiff acknowledges that ▮▮▮▮▮▮, in general, have long existed in the marketplace. ▮▮▮▮▮▮▮▮▮▮ are commonplace and consist of utilitarian surfaces and supports without distinctive ornamental features.

11. However, prior to Plaintiff's conception, ▮▮▮▮▮▮ did not incorporate the particular ornamental integration of features captured and claimed in the ▮▮▮▮▮▮.

12. Specifically, the unique ornamental arrangement of elements—including the coordinated placement of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—produces a distinctive visual impression that had not previously been available in any ▮▮▮▮▮▮▮▮.

13. The ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ represents Plaintiff's original contribution to the field: an aesthetically distinctive ▮▮▮▮▮▮ that combines functional elements with a novel and non-functional ornamental configuration.

14. Accordingly, while ▮▮▮▮ as a general category are not new, the trade dress and ornamental design embodied in the ▮▮▮▮▮▮ was created by Plaintiff and was unavailable in the marketplace until Plaintiff introduced it.

15. The distinctive configuration and visual impression of the product are, without limitation, as follows:

    a. The proportion and contour of the ▮▮▮▮▮▮▮▮; and

    b. The relative positioning of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and the ornamental integration of these features, create a distinctive overall appearance that is

immediately recognizable to consumers seeking a tray table designed to securely accommodate both a cup and a phone or tablet while in use.

16. Plaintiff designs, manufactures, markets, and sells a variety of products related to tray tables.

17. Plaintiff sells its products, including products that embody Plaintiff's Patent (collectively, "Plaintiff' Products"), exclusively direct-to-consumer through third party marketplace, such as, e.g., Amazon.com and Temu.

18. Plaintiff began selling Plaintiff's Products, particularly the products embodying the ornamental design claimed in Plaintiff's Patent after the Plaintiff's Patent application filing date of ▮▮▮▮▮▮▮▮. *See* **Exhibit 1**.

## DEFENDANTS' UNLAWFUL CONDUCT

19. The success of the Plaintiff's Products has resulted in significant infringement of the Plaintiff's Patent and trade dress. Because of this, Plaintiff has implemented an anti-infringement program that involves investigating suspicious websites and online marketplace listings identified in proactive Internet sweeps. Recently, Plaintiff has identified many fully interactive e-commerce stores offering Unauthorized Products on online marketplace platforms like Amazon.com, Inc. ("Amazon"), WhaleCo, Inc. ("Temu"), and Walmart, Inc. ("Walmart"), including the e-commerce stores operating under the Seller Aliases. True and correct copies of the screenshot printouts showing the active e-commerce stores operating under the Seller Aliases reviewed are attached as **Exhibit 2**.

20. The concerns regarding anonymity, offshore online infringement, multi-storefront infringers, and slow and ineffective marketplace procedures for intellectual property rights holders, impact Plaintiff's enforcement efforts when trying to assert its own patent and trade dress rights.

21. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell and/or offer for sale Unauthorized Products to residents of Illinois.

22. Defendants concurrently employ and benefit from similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars in multiple ways, including via, e.g., credit cards. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish their stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants use of the Plaintiff's Patent or trade dress, and none of the Defendants are authorized retailers of Plaintiff's Products.

23. E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their infringing operation, and to avoid being shut down.

24. E-commerce store operators like Defendants communicate with each other through QQ.com chat rooms and utilize websites, like sellerdefense.cn, that provide tactics for operating multiple online marketplace accounts and evading detection by intellectual property owners. Websites like sellerdefense.cn also tip off e-commerce store operators like Defendants of new intellectual property infringement lawsuits filed by intellectual property owners, such as Plaintiff,

6

and recommend that e-commerce operators cease their infringing activity, liquidate their associated financial accounts, and change the payment processors that they currently use to accept payments in their online stores.

25. E-commerce store operators like Defendants maintain offshore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff.

26. Defendants, without any authorization or license from Plaintiff, have, jointly and severally, knowingly and willfully infringed Plaintiff's Patent and trade dress in connection with the use and/or manufacturing of Unauthorized Products and distribution, offering for sale, and sale of Unauthorized Products into the United States and Illinois over the Internet.

27. Defendants' unauthorized use and/or manufacturing of the ornamental designs claimed in Plaintiff's Patent and trade dress in connection with the distribution, offering for sale, and sale of Unauthorized Products, including the sale of Unauthorized Products into the United States, including Illinois, is likely to cause, and has caused, confusion, mistake, and deception by and among consumers, loss of market share, and erosion of Plaintiff's patent rights is irreparably harming Plaintiff.

**ALLEGATIONS IN SUPPORT OF JOINDER**

28. Each of the Defendants listed in Schedule A is engaged in the manufacture, importation, distribution, and/or sale of ▇▇▇ products that incorporate ornamental designs substantially similar to the design claimed in the ▇▇▇. While ▇▇▇ generally exist, the accused products all embody the unique ornamental integration of ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ that collectively produce the distinctive overall visual impression protected by the ▇▇▇.

7

29. Plaintiff asserts the same ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮—against all Defendants. The claims, legal theories, and relief sought are identical. Thus, joinder is appropriate because all claims arise out of the same series of transactions and occurrences, namely, the unauthorized making, offering for sale, and selling of infringing tray tables that misappropriate the protected ornamental design.

30. The infringement evidence against each Defendant arises from the same kind of proof: product listings on e-commerce platforms (Amazon and Walmart) that display the ornamental features of the accused tray tables. These listings reveal nearly identical configurations of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In addition to the visual overlap demonstrated by the listings, Plaintiff has obtained actual physical samples of the accused products from multiple Defendants. These samples confirm that the ▮▮▮▮▮▮ offered by Defendants are identical, or at minimum substantially identical, in their ornamental appearance to each other and to the patented design claimed in the ▮▮▮▮▮▮. Thus, resolving infringement as to one Defendant necessarily involves the same side-by-side design comparison applicable to all Defendants.

31. Defendants exploit the same online marketplaces—principally Amazon.com and Walmart.com—as sales channels for their accused products. By utilizing the same platforms, they employ the same payment processors, shipping methods, advertising formats, and search optimization tactics, all of which tie their infringing activity to a common transactional setting.

32. Although Defendants operate under different storefront names, they participate in a series of related transactions by selling the same or highly similar infringing tray tables to U.S. consumers through identical mechanisms. Their conduct constitutes a concerted pattern of

8

infringement facilitated by global e-commerce, with each Defendant contributing to the overall marketplace saturation of infringing designs.

33. Joinder will promote judicial economy, avoid duplicative litigation, and ensure consistent adjudication of infringement claims involving the same patent and substantially the same designs. Separate actions would require the Court to conduct the same claim construction, the same design patent infringement analysis, and review of the same prior art, resulting in unnecessary duplication.

34. Defendants may attempt to rely on *Estée Lauder Cosmetics Ltd. v. The Partnership*, 334 F.R.D. 182 (N.D. Ill. 2020), where the court denied joinder. That case, however, involved unrelated trademark counterfeiting claims across different marks and disparate products, with no unifying transaction. By contrast, the present case involves a single patent and accused products that are identical or substantially identical in appearance. Here, the claims arise from a common nucleus of operative facts: Defendants' coordinated use of the same platforms (Amazon and Walmart) to sell tray tables misappropriating the identical patented ornamental design. Courts in this District have repeatedly distinguished *Estée Lauder* in "Schedule A" contexts, permitting joinder where infringing goods share the same design and are sold through overlapping platforms.

35. Joinder does not prejudice any Defendant. Each will have the opportunity to defend individually, but adjudication in a single action is appropriate where the facts and legal issues are substantially overlapping, and any risk of prejudice is outweighed by the benefits of efficiency and consistency.

**COUNT I**
**PATENT INFRINGEMENT OF PLAINTIFF' PATENT (15 U.S.C. § 271)**

36. Plaintiff hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

9

37. As shown, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have, jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly Plaintiff's Patent.

38. As shown in the claim chart attached as **Exhibit 3**, the products being sold by Defendants incorporate each of the design elements claimed in Plaintiff's Patent. Accordingly, the product being sold by Defendants infringe upon Plaintiff's Patent.

39. Specifically, Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Unauthorized Products that infringe directly and/or indirectly the ornamental design claimed in Plaintiff's Patent

40. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendants' infringement of Plaintiff's Patent in connection with the offering to sell, selling, or importing of products that infringe Plaintiff's Patent, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented design as well as the lost sales and loss of repeat sales stemming from the infringing acts.

41. Defendants' infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

42. Plaintiff are entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendants are preliminarily and permanently enjoined by this Court from continuing their infringement of Plaintiff' Patent, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

43. Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

## COUNT II
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a))

44. Plaintiff hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

45. Despite Plaintiff' use and adoption of their trade dress, Defendants have developed, manufactured, imported, advertised, and/or sold products that use a design that is confusingly similar to Plaintiff' trade dress.

46. Unauthorized Products offered for sale and sold by Defendants are of the same nature and type as Plaintiff' Products, and, as such, are likely to cause confusion to the general purchasing public. *See* **Exhibit 2**.

47. By misappropriating and using the Plaintiff's trade dress, Defendants misrepresent and falsely describe to the general public the origin and source of Unauthorized Products and create a likelihood of confusion by consumers as to the source of such merchandise.

48. Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of Unauthorized Products creates express and implied misrepresentation that Unauthorized Products were created, authorized, or approved by Plaintiff, allowing Defendants to profit from Plaintiff' goodwill while causing Plaintiff irreparable and immeasurable injury.

49. On information and belief, Defendants have intentionally and blatantly copied Plaintiff's trade dress and pass of their goods as Plaintiff's Products to misappropriate the immense goodwill that Plaintiff have spent enormous time, effort, and expense to cultivate in the marketplace with their high-quality products.

50. Defendants' promotion, marketing, offering for sale, and sale of Unauthorized Products, products which use Plaintiff' trade dress, has created a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Unauthorized Products by Plaintiff.

51. Defendants' acts, as described herein, violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of the Plaintiff' trade dress in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

52. Plaintiff have no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use any products that infringe upon Plaintiff' Patent; and

      b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff' Patent

2) Entry of an Order that, upon Plaintiff' request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Amazon, Temu, and Walmart, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe Plaintiff's Patent.

3) That Judgment be entered against Defendants finding that they have infringed upon Plaintiff's Patent.

4) That Judgment be entered against Defendants finding that infringement of Plaintiff's Patent has been willful.

5) That Plaintiff be awarded damages for such infringement in an amount to be proven at trial, including Defendants' profits pursuant to 35 U.S.C. § 289 and any other damages as appropriate under 35 U.S.C. § 284, together with interests and costs.

6) That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendants' willful infringement of upon Plaintiff's Patent.

7) A finding that this case is exceptional under 35 U.S.C. § 285.

8) A finding that Defendants infringed upon Plaintiff's trade dress, committing acts of unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

9) That Plaintiff be awarded their reasonable attorneys' fees and costs.

**10)** Award any and all other relief that this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 15, 2025                    Respectfully submitted,

/s/ Nicholas S. Lee
Nicholas S. Lee, Esq.
1823 Turtle Bay Road
Vernon Hills, IL 60061
Nickles72@gmail.com
T: 773-732-8244

*Counsel for Plaintiff, Super Top Innovation Technology Limited*

# **VERIFICATION**

I, Haifeng Li, hereby certify as follows:

1. I am the President of Super Top Innovation Technology Limited. As such, I am authorized to make this Verification on Super Top Innovation Technology Limited's behalf.

2. I have read the foregoing Verified Complaint and, based on my personal knowledge and my knowledge of information reported to me by subordinates and colleagues who report to me, the factual allegations contained in the Verified Complaint are true.

3. I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.

Executed in _____shenzhen_____ on October 15 2025

_____Haifeng LI_____
Haifeng Li
President

15